**Electronically Filed: June 3, 2022**

KRISTINA L. HILLMAN, Bar No. 7752
SEAN W. McDONALD, Bar No. 12817
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
Telephone  (702) 508-9282
Fax  (510) 337-1023
E-Mail:  khillman@unioncounsel.net
        smcdonald@unioncounsel.net
        bankruptcycourtnotices@unioncounsel.net

Attorneys for Creditor Laborers' International Union of North America, Local 872

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>PARNELL COLVIN,<br><br>              Debtor(s), | Case No. BK-22-11413-abl<br><br>Chapter 7<br><br>MOTION TO DISMISS BANKRUPTCY CASE WITH PREJUDICE AND FOR INJUNCTION AGAINST FUTURE FILING<br><br>Hearing Date: July 6, 2022<br>Hearing Time: 9:30 a.m.<br>Courtroom:      1 |

      Creditor, Laborers' International Union of North America, Local 872 ("Creditor," "Union," or "Local 872"), by and through its counsel of record, Weinberg, Roger & Rosenfeld, moves for entry of an order dismissing the above-captioned bankruptcy case with prejudice. Further, Local 872 requests entry of an injunctive order prohibiting the Debtor from filing another bankruptcy case in any jurisdiction for a period of not less than three years. Finally, Local 872 requests the Court to retain jurisdiction notwithstanding automatic dismissal by operation of 11 U.S.C. § 521(i).

      This Motion is supported by the below Memorandum of Points and Authorities; the Declaration of Sean W. McDonald in support thereof, filed contemporaneously herewith; all papers and pleadings filed in the above-captioned case, judicial notice of which is requested pursuant to Federal Rule of Evidence 201; Debtor's prior bankruptcy filings, judicial notice of

1

MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-22-11413-abl
153769\1274722

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1399 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

which is requested pursuant to Federal Rule of Evidence 201; and arguments of counsel heard in support of the Motion during any hearing held on the Motion.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Parnell Colvin ("Debtor") filed the above-captioned bankruptcy case ("Bankruptcy Case") as a voluntary chapter 7 petition on April 22, 2022. This is Debtor's *tenth* bankruptcy petition since 2013, with bankruptcies having been filed in two judicial districts, the District of Oregon and the District of Nevada. None of Debtor's nine prior bankruptcies was successfully completed; all were dismissed for some sort of failure on the Debtor's part to comply with his statutory duties as a debtor under the Code (e.g., failure to attend meetings of creditors, failure to obtain required credit counseling, failure to timely file required documents, etc.). Given this long and blatant abuse of the bankruptcy process, evidently designed to cause delay of lawful creditor actions outside of the bankruptcy forum, this Court should not permit Debtor to be in a position to file an *eleventh* abusive, bad-faith petition, wasting the resources of creditors, the chapter 7 panel trustees, the U.S. Trustee's Office, and of this Court.

If the Bankruptcy Case is merely dismissed, the Debtor will simply file for bankruptcy again, to the detriment of his creditors. For the Union, this will mean incurring even more legal fees and costs. Therefore, dismissal of the Bankruptcy Case should be with prejudice and the Debtor should be barred from filing another bankruptcy case in any jurisdiction for a period of three years. Only this will prevent the Debtor from continuing to abuse the Bankruptcy Code and inflicting further harm on the Union, other creditors, and others in the bankruptcy system.

### II.  JURISDICTION

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in the District of Nevada is proper pursuant to 28 U.S.C. § 1409.

---

[1] All references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket and refer to the instant bankruptcy case, unless otherwise specifically cited. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101–1532. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure. All references to "LR" are to the Local Rules of Bankruptcy Practice for the United States District Court for the District of Nevada. All references to "FRE" are to the Federal Rules of Evidence.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1399 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89119
(702) 508-9282

2
MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-22-11413-abl
153769\1274722

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). If it is determined that the Court cannot enter final orders or judgment in this core proceeding consistent with Article III of the United States Constitution, the Union consents to the entry of final orders or judgment by this Court.

The relief requested herein is premised on Sections 105(a), 349, and 707 and FRBP 1017 and 9014.

### III.    STATEMENT OF FACTS

**A.    PRIOR BANKRUPTCY CASES**

Debtor Parnell Colvin has used bankruptcy to frustrate and delay the Union's and other creditors' legitimate collection efforts. Debtor Colvin has filed for bankruptcy nine times before filing the instant Bankruptcy Case:

1. Case No. 13-33280, District of Oregon, chapter 7 bankruptcy case filed May 23, 2013, dismissed August 30, 2013, for failure to timely obtain required credit counseling;
2. Case No. 15-12810-led, District of Nevada, chapter 7 bankruptcy case filed May 15, 2015, dismissed July 6, 2015, for failure to timely file required documents;
3. Case No. 15-16662-mkn, District of Nevada, chapter 7 bankruptcy case filed November 30, 2015, dismissed March 7, 2016, for failure to supply tax return to appointed Trustee and to attend the meeting of creditors;
4. Case No. 17-10614-mkn, District of Nevada, chapter 7 bankruptcy case filed February 13, 2017, dismissed October 31, 2017, for failure to attend the meeting of creditors;
5. Case No. 19-13142-mnk, District of Nevada, chapter 7 bankruptcy case filed May 17, 2019, dismissed July 8, 2019 for failure to timely file required documents;
6. Case No. 19-14597-mkn, District of Nevada, chapter 7 bankruptcy case filed July 18, 2019, dismissed September 12, 2019, for failure to timely file required documents;
7. Case No. 19-16459-mkn, District of Nevada, chapter 7 bankruptcy case filed October 4, 2019, dismissed January 8, 2020, for failure to obtain required credit counseling;
8. Case No. 21-12012-abl, District of Nevada, chapter 7 bankruptcy case filed April 21, 2021, dismissed July 8, 2021, for failure to obtain required credit counseling; and
9. Case No. 21-14974-mkn, District of Nevada, chapter 7 bankruptcy case filed October 18, 2021, dismissed December 7, 2021, for failure required credit counseling.[2]

---

[2] In perhaps an attempt to disguise his prior filings from the Court and others, in some cases the Debtor has used slight variations in his name, such as Parnell Colvin III or Parnell SR Colvin, but other indicia in the petitions make clear these were all filed by the same person, such as by including the same Social Security number, addresses known to be associated with the Debtor, and other information.

3

MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-22-11413-abl
153769\1274722

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1399 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

The Union requests the Court to take judicial notice of the existence of these prior bankruptcy cases and the filings made therein, pursuant to FRE 201. *See U.S. v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of records from other case); *see also Bank of Am., N.A. v. CD-04, Inc. (In re Owner Mgmt. Serv., LLC Trustee Corps.)*, 530 B.R. 711, 717 (Bankr. C.D. Cal. 2015) ("The Court may consider the records in this case, the underlying bankruptcy case and public records.").

Debtor Colvin has used bankruptcy to frustrate and delay the Union's and other creditors' legitimate collection efforts.

**B.    THE INSTANT BANKRUPTCY CASE**

The Debtor filed the instant Bankruptcy Case at 3:36 p.m. on April 22, 2022, by filing a skeletal bankruptcy petition. ECF No. 1 (voluntary petition); ECF No. 6 (notice of deficient filings). The Bankruptcy Case was filed, in part, to prevent the Union from proceeding forward with a breach of contract action pending in the Las Vegas Township Justice Court. *See* McDonald Decl. ¶¶ 4–8. The Debtor might also be using the Bankruptcy Case to stave off landlord-tenant actions against him. *See id.* at ¶ 9 & Ex. 1.

**C.    HARM TO THE UNION**

The Union has been forced to incur significant legal expenses as a result of the Debtor's bad faith bankruptcy filings. As of the date of the filing of this Motion, the Union has incurred $18,042.08 in fees attributable to Debtor's bankruptcy cases. McDonald Decl. ¶ 3. State-court litigation has been delayed. Put frankly, after nine bankruptcy cases, all of which have been dismissed, enough is enough. The Debtor has successfully utilized the Bankruptcy Case in bad faith to frustrate and harass his creditors and to prevent legitimate collection efforts, just as he has done to other creditors through his *nine* previous bankruptcy cases. The last thing that he should be allowed to do is file another bankruptcy case, allowing the cycle to start all over again. His tenth bad faith petition should be his last.

/ / /

/ / /

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1399 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

4
MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-22-11413-abl
153769\1274722

## IV. ARGUMENT

### A. CAUSE FOR DISMISSAL IS PRESENT

The Union requests dismissal of the Bankruptcy Case for cause, pursuant to Section 707(a), which provides:

> The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
> (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

11 U.S.C. § 707(a). The factors enumerated in Section 707(a) are illustrative, not exhaustive. *See Neary v. Padilla (In re Padilla)*, 222 F.3d 1184, 1191 (9th Cir. 2000), *partially superseded by statute on other grounds*, 11 U.S.C. § 707(b)(3)(A). To determine whether actions are sufficient cause for dismissal under Section 707(a), the Court is to first "consider whether the circumstances asserted to constitute 'cause' are 'contemplated by any specific Code provision applicable to Chapter 7 petitions.' If the asserted 'cause' is contemplated by a specific Code provision, then it does not constitute 'cause' under § 707(a)." *Sherman v. SEC (In re Sherman)*, 491 F.3d 948, 970 (9th Cir. 2007) (quoting *Padilla*, 222 F.3d at 1193–94). Second, if the asserted cause is not contemplated by a specific provision of the Bankruptcy Code, the Court next considers whether the circumstances otherwise provide cause. *Id.*

Here, the Debtor has failed to timely file all required documents with his petition. *See* ECF No. 6 (noting filing deficiencies); ECF No. 1 (skeletal petition); *see also* Docket (noting that, as of June 2, 2022, Debtor has not corrected filing deficiencies). These failures provide cause for dismissal under the *Padilla* factors, as the Debtor's failure to comply with the requirements are not excused by any specific section of the Bankruptcy Code. Further, many of these actions

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1399 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

5
MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-22-11413-abl
153769\1274722

and inactions reflect a specific failure to comply with the Bankruptcy Code and to satisfy his duties as a Debtor. As a result, cause for dismissal is present under the *Padilla* factors.[3]

Given the history of this case, and the Debtor's history in bankruptcy generally, these failures also represent an unreasonable delay by the Debtor that is prejudicial to creditors, under Section 707(a)(1). Finally, while a debtor's bad faith is not typically a factor for finding cause for dismissal under Section 707(a), here the Debtor's repeated and continuing use of the bankruptcy system for improper purposes shows just how prejudicial the Debtor's delay actually is to his creditors. As a result, cause is present for dismissal of the Bankruptcy Case.

**B.    DISMISSAL WITH PREJUDICE IS WARRANTED**

As cause for dismissal is present, the Court next "must decide what remedial action—what form of dismissal—should be taken." *Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth)*, 455 B.R. 904, 922 (B.A.P. 9th Cir. 2011) (citations omitted). Pursuant to Section 349, the dismissal of a bankruptcy case is normally without prejudice to a bankruptcy debtor's ability to file a new bankruptcy case and achieve a discharge of the liabilities that were or could have been scheduled in the dismissed bankruptcy case. However, if a bankruptcy case is dismissed with prejudice, then the liabilities that were or that could have been scheduled in the dismissed case cannot be discharged in a subsequent bankruptcy case. *See* 3 Collier on Bankruptcy ¶ 349.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2017).

A debtor's bad faith provides cause for dismissal with prejudice under Section 349(a). *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 (9th Cir. 1999).[4] In determining whether bad faith sufficient to dismiss a bankruptcy case with prejudice is present, a court is to consider the totality of the circumstances, including the following factors: (i) whether the debtor

---

[3] Courts considering this issue have similarly concluded that failure to satisfy requirements of the Bankruptcy Code or the duties of a debtor provide cause pursuant to Section 707(a). *See, e.g.*, *In re Dunn*, 2010 Bankr. LEXIS 3070, *16–17 (B.A.P. 9th Cir. Feb 4, 2010) (finding that failure to appear at Section 341 Meeting of Creditors establishes cause for dismissal); *In re Alvarado*, 496 B.R. 200, 208 (N.D. Cal. 2013) (finding that failure to obtain credit counseling within 180 days of filing the petition, establishes cause for dismissal).

[4] While the *Leavitt* case dealt with dismissal of a chapter 13 bankruptcy case, the factors set forth therein are applicable in the context of dismissal with prejudice of a chapter 7 case. *See, e.g.*, *Johnson v. Vetter (In re Johnson)*, 2014 Bankr. LEXIS 2726, at *19 (B.A.P. 9th Cir. June 6, 2014) (citing *Leavitt* in appeal from a chapter 7 case and upholding two-year bar to refiling).

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1399 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89119
(702) 508-9282

6
MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-22-11413-abl
153769\1274722

misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his bankruptcy case in an inequitable manner; (ii) the debtor's history of filings and dismissals; (iii) whether the debtor only intended to defeat state court litigation; and (iv) whether egregious behavior is present. *Id.* Once good faith has been placed in issue, it is a debtor's burden to demonstrate that the bankruptcy case was filed in good faith. *Leavitt v. Soto (In re Leavitt)*, 209 B.R. 935, 940 (B.A.P. 9th Cir. 1997) (citing *In re Powers*, 135 B.R. 980, 997 (Bankr. S.D. Cal. 1991)). Here, the Debtor's bad faith is evident, simply in reference to his prior *nine* petitions, all of which have been dismissed for the Debtor failing to perform his duties under the Code.

### 1. Debtor's Unfair Manipulation of the Bankruptcy Code and Inequitable Conduct

The Debtor has unfairly manipulated the Bankruptcy Code. He has utilized the provisions of chapter 7 to first prevent the Union's legitimate collection efforts, an action he took in bad faith. Further, the Bankruptcy Case was filed in an inequitable manner. It was filed as a skeleton bankruptcy petition, just as most (if not all) of his other petitions. Collectively, Debtor's current Bankruptcy Case and prior cases appear designed to improperly thwart legitimate and lawful creditor activities. *See* McDonald Decl. ¶¶ 4–9. The Debtor's manipulation of the Bankruptcy Code and inequitable conduct support dismissal of the Bankruptcy Case with prejudice.

### 2. Debtor's History of Bankruptcy Filings

The Debtor's history of filings and dismissals clearly support dismissal with prejudice as to the Debtor. Debtor's history in bankruptcy supports the proposition that he has frustrated the legitimate purposes of the Bankruptcy Code and that he has gotten away with this wrongful conduct for many years, now on his tenth bankruptcy petition with no reasonable prospect that this petition will be the one that will be seen through to the end. The Debtor has a proclivity for filing bankruptcy cases and is almost certain to file another bad faith bankruptcy case in the very near future. As such, dismissal with prejudice is appropriate, not only to prevent this abuse as to the Debtor but also to deter this kind of misconduct as to others similarly situated.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1399 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

7
MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-22-11413-abl
153769\1274722

### 3. The Debtor Intended to Defeat State Court Litigation

The Debtor filed bankruptcy in an effort to defeat and delay his creditors' state-law collection efforts, some of which included litigation. As to the Union specifically, the Bankruptcy Case and the immediately two preceding bankruptcy cases were filed to delay the Union's activities. The bankruptcy filed on April 21, 2021, was designed to thwart service of the summons and complaint of the State Court Lawsuit, the bankruptcy filed on October 18, 2021, was designed to thwart a motions hearing in the State Court Lawsuit, and the instant Bankruptcy Case is apparently designed to further improperly delay the State Court Lawsuit. *See* McDonald Decl. ¶¶ 4–8. This case and recent bankruptcy cases also appear to be motivated by a desire to stave off landlord-tenant actions pending against the Debtor. *See id.* ¶ 9 & Ex. 1 thereto (state court docket search as to Debtor and including selected dockets). Because the Debtor filed the Bankruptcy Case to defeat state court litigation, dismissal with prejudice is appropriate.

### 4. Egregious Behavior Is Present

The Debtor's actions in filing a bad faith bankruptcy case demonstrate egregious behavior. The Debtor has successfully caused months of delay as a consequence of the automatic stay taking effect where it was applicable. However, what is perhaps most egregious about the Debtor's behavior in the Bankruptcy Case is that the Debtor has at every turn compounded litigation, purposefully driving up his creditors' legal bills. The Debtor has repeatedly filed bankruptcy cases and failed to comply with his obligations under the Code to timely file complete documents and to perform his other duties as a debtor. As discussed above, the Debtor has been part of numerous bankruptcy cases and cannot claim a lack of legal knowledge or experience excuses his conduct. He has had ample opportunity to become familiar with the bankruptcy process. Surely after nine prior failed bankruptcies he would have learned something about what is required of him under the Code as a debtor. Instead, it appears he has become familiar enough with filing successive bankruptcy petitions to abusively take advantage of the automatic stay's protections, where applicable, and to otherwise cause delay in state court where those courts are less familiar with the nuances of the automatic stay and rightfully exercise abundant caution when

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1399 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89119
(702) 508-9282

8
MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-22-11413-abl
153769\1274722

there is the specter of a potential stay violation hanging over them. There is truly no excuse for the Debtor's behavior. Dismissal with prejudice is appropriate.[5]

The Debtor has voluntarily filed successive bad faith bankruptcy cases and has simply refused to comply with the requirements of the Bankruptcy Code. Bad faith necessitating dismissal with prejudice is present, and the Union requests that any dismissal of the Bankruptcy Case be with prejudice as to all liabilities that have been or that could have been scheduled in the Bankruptcy Case.

C.  **AN INJUNCTION AGAINST FUTURE FILINGS IS ALSO APPROPRIATE**

As discussed above, bad faith sufficient to warrant dismissal with prejudice is here present. As a result, there is sufficient cause under Sections 105(a) and 349(a) to also bar the Debtor from filing a subsequent bankruptcy case in any jurisdiction for a period of not less than three years. *See In re Mitchell*, 357 B.R. 142, 157 (Bankr. C.D. Cal. 2006) ("As its plain language suggests, § 349 gives a court authority to 'sanction a debtor for cause by imposing a bar against re-filing.'") (quoting *In re Grischkan*, 320 B.R. 654, 661 (Bankr. D. Ohio 2005)); *see also Johnson*, 2014 Bankr. LEXIS 2726, at *20 (citing *Mitchell*).

---

[5] As further evidence of his egregious behavior, the Debtor has engaged in conduct that would be sufficient to deny the Debtor a discharge under Section 727. Specifically, the Debtor has knowingly and fraudulently "made a false oath or account." 11 U.S.C. § 727(a)(4)(A). As but a few examples, in the instant Bankruptcy Case, Debtor has falsely stated under penalty of perjury that he has never filed for bankruptcy within the past 8 years, *see* ECF No. 1, at p. 1 ln. 9, and that he has never used any other name, *id.* at p. 1, ln. 2. In the immediately prior bankruptcy case, in Case No. 21-14974-mkn, Debtor stated that he has been a party only in one lawsuit, court action, or administrative proceeding, SOFA at ln. 9, ECF No. 12 at 33 (disclosing only one court case, pending in federal district court); the Union has identified at least five undisclosed cases in state court alone, *see* McDonald Decl. ¶ 9 & Ex. 1.

Omissions or false statements in a debtor's schedules may constitute a false oath under the statute. "[A] false statement or an omission in a debtor's statement of financial affairs or schedules can constitute a false oath." *See, e.g.*, *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010) (quoting *Khalil v. Developers Sur. & Indem. Co. (In re Khalil)*, 379 B.R. 163, 172 (B.A.P. 9th Cir. 2007), *aff'd*, 578 F.3d 1167, 1168 (9th Cir. 2009)); *Kendall v. Turner, et al. (In re Turner)*, 335 B.R. 140, 148 (Bankr. N.D. Cal. 2005) (omitting the debtor's residence from schedules). Because the false oath must be made knowingly and fraudulently, proof of the debtor's actual fraudulent intent is required. *See Fogal Legware of Switz., Inc. v. Wills (In re Wills)*, 243 B.R. 58, 64 (9th Cir. BAP 1999). A finding of fraudulent intent, of course, can be based on circumstantial evidence, *see id.*, and reckless disregard for the truth and accuracy of the debtor's schedules and statements, along with other evidence, may support such a finding. *See Khalil*, 379 B.R. 163 at 177.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1399 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89119
(702) 508-9282

9
MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-22-11413-abl
153769\1274722

Here, the Debtor has filed ten bankruptcy cases in two jurisdictions since 2013. This pattern is enough to lead to a reasonable inference that an eleventh bad faith petition will come absent a bar to filing a new case. The Debtor must face consequences to deter and prevent further bad faith and abusive conduct. This is also a grave concern of the Union, especially given that the Union has spent fees protecting its rights in the various bankruptcy cases filed by the Debtor and pursing its lawful remedies in state court litigation. The Union deserves certainty that the bleeding will finally stop. It deserves to know that it will not be dragged into another bankruptcy case all while it expends otherwise unwarranted legal fees. The only way to afford the Union the certainty that it so desperately requires is to bar the Debtor from filing a subsequent bankruptcy case in any jurisdiction for a period of not less than three years.

### D. THE COURT SHOULD RETAIN JURISDICTION NOTWITHSTANDING 11 U.S.C. § 521(i).

Because the Debtor has not filed (and likely will not file by the 45th day) all of the information required under Section 521(a)(1), the instant petition is subject to automatic dismissal under 11 U.S.C. § 521(i). Given the abuse of the bankruptcy process detained above in this Motion, the Court should retain jurisdiction notwithstanding the operation of Section 521(i) so as to adjudicate this motion on proper notice and hearing, despite the passing of the 45-day period.

### V.    CONCLUSION

The Debtor filed his Bankruptcy Case in bad faith and has used the Bankruptcy Code to delay his creditors' legitimate collection efforts and to harass and frustrate them. The Union has incurred legal fees because of this and, regardless of the outcome of this Motion, it will continue forward with its state court action as permitted by law. It is almost certain that the Debtor has caused his creditors to expend, in the aggregate, thousands of dollars in legal fees and costs just to deal with the delay caused by his bad faith, abusive bankruptcy filings. The Union and all creditors require some certainty that the Debtor will not simply begin another chapter of this sad saga with yet another bad faith petition, and only dismissal with prejudice and a bar on future filings can provide this desperately needed relief. The Debtor has filed ten bankruptcy cases in bad faith since 2013. There should not be an eleventh.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1399 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

10
MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-22-11413-abl
153769\1274722

For all of the above reasons, the Union respectfully requests the Court enter an order: (i) granting the Motion; (ii) dismissing the Bankruptcy Case with prejudice as to all liabilities that have been or that could have been scheduled in the Bankruptcy Case; (iii) prohibiting the Debtor from filing another case under the Bankruptcy Code in any jurisdiction for a period of not less than three years from entry of an order granting the Motion; and (iv) granting the Union such additional relief as the Court deems appropriate under the circumstances.

Dated: June 3, 2022

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By:  */s/ Sean W. McDonald*
KRISTINA L. HILLMAN, Bar No. 7752
SEAN W. McDONALD, Bar No. 12817

Attorneys for Creditor Laborers' International Union of North America, Local 872

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1399 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

11
MOT. TO DISMISS BANKR. CASE WITH PREJUDICE & FOR INJUNC. AGAINST FUTURE FILING
Case No. BK-22-11413-abl
153769\1274722